IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DAVID DRAPER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 13-cv-3233 ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

On March 13, 2015, United States Magistrate Judge Tom Schanzle-Haskins issued a Report and Recommendation (d/e 16) recommending that the decision of the Commissioner be reversed and the cause remanded for further proceedings pursuant to sentence four of 42 U.S.C § 405(g). On April 23, 2015, Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, filed her Objection to the Magistrate Judge's Report and Recommendation (d/e 18). The Objection is OVERRULED. The Administrative Law Judge (ALJ) erred by failing to obtain the assistance of a medical advisor to infer the onset date. Therefore, the Court ADOPTS the

Magistrate Judge's Report and Recommendation (d/e 16) in full. The decision of the Commissioner is REVERSED and REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b)(3), this Court determines "de novo any part of the magistrate judge's disposition that has been properly objected to." Although this Court does not need to conduct a new hearing on the entire matter, the Court must give "fresh consideration to those issues to which specific objections have been made." 12 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 3070.2 (2d ed. 1997); Wasserman v. Purdue Univ. ex rel. Jischke, 431 F. Supp. 2d 911, 914 (N.D. Ind. 2006).

If no objection is made, or if only a partial objection is made, the Court reviews the unobjected to portions of the Magistrate Judge's Report and Recommendation for clear error. Johnson v. Zema Sys. Corp., 170 F. 3d 734, 739 (7th Cir. 1999). This Court may "accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. BACKGROUND

The Court adopts the factual findings made by the Magistrate Judge. The primary issue in this case is the onset date of Plaintiff's disability.

On October 5, 2010, Plaintiff David Draper filed applications for Social Security Disability Insurance Benefits (Disability Benefits) and Supplemental Security Income under Title II and XVI of the Social Security Act on October 5, 2010. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c. Plaintiff alleged an onset date of December 31, 2007. To obtain Disability Benefits, Plaintiff had to establish disability on or before March 31, 2010, the date he was last insured. See Briscoe ex el. Taylor v. Barnhart, 425 F.3d 345, 348 (7th Cir. 2005) (noting that, to be entitled to Disability Benefits, "an individual must establish that the disability arose while he or she was insured for benefits").

The ALJ found that Plaintiff was disabled by bipolar disorder as of the date of his application, October 5, 2010, and confirmed the prior determination that Plaintiff was disabled for purposes of

his Social Security Income (SSI) application as of that date. R. at 22 (d/e 7-3). However, the ALJ found that Plaintiff failed to show that he suffered from a serious impairment on or before the last date he was insured and eligible to receive Disability Benefits—March 31, 2010. Id. at 21.

In reaching this conclusion, the ALJ found that Plaintiff had presented no medical evidence of an impairment prior to the emergency room visit on September 17, 2010 and his hospitalization from September 18 to September 23, 2010 for the treatment of symptoms associated with the diagnosis of bipolar affective disorder. Id. The ALJ noted that Plaintiff tried to establish when the symptoms started by his own and his wife's testimony. Id. The ALJ found the testimony confusing, with the exception of Plaintiff's wife's testimony that Plaintiff appeared to significantly deteriorate after the deaths of his grandmother and mother-in-law in July or August 2010, which was after the date last insured. Id. at 21-22.

Plaintiff appealed the decision of the ALJ. When the Appeals Council denied Plaintiff's request for review, the decision became

the final decision of the Commissioner. Plaintiff then filed this action for judicial review.

On March 13, 2015, Judge Schanzle-Haskins issued a Report and Recommendation recommending that Plaintiff's Motion for Summary Judgment be allowed and Defendant's Motion for Summary Affirmance be denied. See Report and Recommendation (d/e 16). Judge Schanzle-Haskins recommended that the Commissioner's decision be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Specifically, Magistrate Judge Schanzle-Haskins found the ALJ erred by not developing a complete record. Citing Social Security Ruling 83-20, Judge Schanzle-Haskins noted that an ALJ should obtain the services of a medical advisor to assist in the process of inferring the onset date when: (1) the date that a claimant became disabled is at issue; (2) the date must be inferred from the evidence; and (3) the medical history evidence is incomplete. Report and Recommendation at 18. Finding those circumstances present, Judge Schanzle-Haskins concluded that the ALJ should have enlisted the assistance of a medical advisor to assist in inferring the onset date. Id. at 19-20.

The parties were advised that any objection to the Report and Recommendation must be filed within 14 days. On April 23, 2015, after having received an extension of time to file, the Acting Commissioner filed an Objection to the Report and Recommendation (d/e 18).

## III. ANALYSIS

Defendant objects to Magistrate Judge Schanzle-Haskins's Report and Recommendation on the basis that the ALJ was not obligated to obtain the assistance of a medical advisor to assist in inferring the onset date.

An ALJ must apply the analytical framework of Social Security Ruling 83-20 where, as here, the ALJ finds a claimant disabled but must decide whether the disability arose at an earlier date. Briscoe, 425 F.3d at 352. For cases involving the onset of disabilities of nontraumatic origins, the ALJ must consider the claimant's allegations as to the onset date, the date the claimant left work due to the impairment, and medical evidence of the onset of the disability. Titles II and XVI: Onset of Disability, Social Security Ruling 83-20 (SSR 83-20). However, the most important factor is the medical evidence, and the onset date chosen must be consistent

with the medical evidence. Lichter v. Bowen, 814 F.2d 430, 434 (7th Cir. 1987).

Social Security Ruling 83-20 recognizes that with some slowly progressive impairments, a claimant may not be able to obtain medical evidence establishing the precise date the impairment became disabling. SSR 83-20; see also Briscoe, 425 F.3d at 353 (the lack of medical evidence establishing the exact date an impairment became disabling is not fatal to a plaintiff's claim); see also, e.g., Walton v. Halter, 243 F.3d 703, 709 (3d Cir. 2001) (recognizing that bipolar disorder-manic depression is a slowly progressive impairment). In such cases, the ALJ must "infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process." SSR 83-20. When onset must be inferred, the ALJ should "call on the services of a medical advisor." SSR 83-20; see also Briscoe, 425 F.3d at 353 (noting that where evidence establishing the precise date that the impairment became disabling is lacking, the ALJ must infer the onset date and "should seek the assistance of a medical expert to make this inference"); Henderson ex rel. Henderson v. Apfel, 179 F.3d 507, 513 (7th Cir. 1999) (holding that an ALJ must "consult a

medical advisor in situations involving incomplete medical histories where an onset date must be inferred").

Defendant argues the ALJ was not required to consult a medical advisor because the ALJ considered all of the medical evidence, as well as the testimony of Plaintiff and his wife, and found no evidence of disabling mental impairments until after the date of last insured. Defendant also argues that this was not a case of an incomplete medical history. Medical evidence of a disabling impairment prior to September 2010 did not exist, Defendant alleges, and the existing evidence supports a finding that Plaintiff's symptoms were not severe enough, prior to his date of last insured, to warrant medical treatment. Finally, Defendant notes there was evidence in the record showing Plaintiff was able to work during some of the period when he reported issues with anger management and that some of his periods of unemployment were because he had relocated or no jobs were available.

The Court disagrees with Defendant. Because the onset date had to be inferred in this case, the ALJ was required under Social Security Ruling 83-20 to use the services of a medical advisor and not rely on her own lay analysis of the evidence to determine the

onset date.  Walton, 243 F.3d at 709.  Using the services of a medical advisor ensures that the onset determination is based on a legitimate medical basis.  Grebenick v. Chater, 121 F.3d 1193, 1201 (8th Cir. 1997).

    Defendant correctly notes that there is no medical evidence of a disabling impairment prior to September 17, 2010, when Plaintiff was taken to the emergency room, admitted into the hospital, and ultimately diagnosed with bipolar disorder.  However, the lack of medical evidence establishing the exact date the impairment became disabling is not fatal to Plaintiff's claim.  Briscoe, 425 F.3d at 353; see also Lichter, 814 F.2d at 435 (noting that the date of onset of the disability is the critical date, not the date of the diagnosis).  Here, other evidence in the record suggests that Plaintiff's impairment might have become severe or disabling prior to the diagnosis of bipolar in September 2010 and prior to Plaintiff's date last insured of March 31, 2010.  See Transcript of Hearing, R. 47, 48, 52, 59, 60, 61, 63 (describing incidents prior to the date Plaintiff was last insured, including Plaintiff: threatening others with a hammer; damaging a truck with a hammer; being banned from local gas stations; having his wife obtain a restraining order

against him; being fired from an oil rig job for not sleeping for up to four days at a time; throwing a coworker up against a locker; keeping a hammer by the couch due to paranoia; having a confrontation with the landlord, which resulted in Plaintiff putting cardboard over the house windows and not letting his wife leave the house through the door the faced the landlord's house; and being banned from his children's school due to a confrontation with the principal).

Because it can be reasonably inferred that the onset date occurred some time prior to the first recorded medical examination and diagnosis in September 2010, the ALJ should have consulted with a medical advisor to determine the onset date. See Lichter, 814 F.2d at 434 ("In cases where there is no medical evidence as to the precise onset date, but where the disabling impairment seems to have occurred prior to the date of the first recorded medical examination, the ALJ 'should call on the services of a medical advisor' to help in making the necessary inferences"), (quoting SSR 83-20). Therefore, this case is remanded so that the ALJ can re-evaluate the evidence under the proper Social Security Ruling 83-20 analysis by obtaining the assistance of a medical advisor.

# IV. CONCLUSION

For the reasons stated, the Acting Commissioner's Objection to the Magistrate Judge's Report and Recommendation (d/e 18) is OVERRULED.  This Court ADOPTS the Magistrate Judge's Report and Recommendation (d/e 16) in full.  Plaintiff's Motion for Summary Judgment (d/e 11) is GRANTED and Defendant's Motion for Summary Affirmance (d/e 14) is DENIED.  The decision of the Commissioner is REVERSED and REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  CASE CLOSED.

ENTER: June 3, 2015

FOR THE COURT:

                        s/Sue E. Myerscough
                     SUE E. MYERSCOUGH
        UNITED STATES DISTRICT JUDGE